UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS GOWER, | : | CIVIL NO: 4:25-CV-00580 |
| | : | |
| | : | (Magistrate Judge Schwab) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUDGE DANIEL CLIFFORD and | : | |
| MONTGOMERY COUNTY, | : | |
| | : | |
| Defendants. | : | |

### **REPORT AND RECOMMENDATION**

Plaintiff Travis Gower began this action by filing a complaint and an application to proceed *in forma pauperis. See docs. 1, 2*. At the same time that he filed his complaint, Gower also filed two motions—one entitled "Emergency Custody Motion," *see doc. 3*, and the other titled "Contempt of Custody Motion," *see doc. 4*. He also filed a motion for the appointment of counsel. *See doc. 7*.

Gower names as defendants (1) Montgomery County, Pennsylvania; and (2) Judge Daniel Clifford, a judge with the Court of Common Pleas of Montgomery County. *Doc. 1* at 1 (caption). Gower contends that the defendants conspired to deny him due process. *Id*. at 2. Although the basis of Gower's claim is not clear, based on the attachment to his complaint, *see doc. 1-1*, as well as some of Gower's motions, *see docs. 3, 4*, it appears that Gower is complaining about

events in connection with a custody action in the Court of Common Pleas of Montgomery County, Pennsylvania.

28 U.S.C. § 1391(b), which is the general venue statute, provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Gower has sued Montgomery County and a judge of the Court of Common Pleas of Montgomery County, and the events or omissions giving rise to Gower's claims appear to have occurred in Montgomery County. Montgomery County is not part of the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) (listing counties that make up the Middle District, and not listing Montgomery County). Rather, it is part of the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a) (listing counties that make up the Eastern District, and listing Montgomery County). Therefore, Gower's claims fall within the venue of the United States District Court for the Eastern District of Pennsylvania, and the

claims in this case are not properly brought in the Middle District of Pennsylvania, which has no apparent connection to the claims or to the defendants.

"While improper venue may be waived, judges in this Circuit have repeatedly concluded that venue considerations may be raised sua sponte." *Guess v. Bureau of Prisons*, No. 4:CV-16-385, 2016 WL 1242363, at *2 (M.D. Pa. Mar. 30, 2016) (citing cases). We are permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the court gives a plaintiff adequate notice of its concerns and an opportunity to be heard on the issue. *Guyton v. Lappin*, No. 3:11-CV-1390, 2011 WL 7430063, at *4 (M.D. Pa. 2011), *report and recommendation adopted*, 2012 WL 511571, at *6 (M.D. Pa. Feb. 15, 2012). Through the filing of this Report and Recommendation, we are providing notice to Gower that his claims in this case are not properly brought in this district. *See Newton v. Oden*, No. 3:23-CV-01470, 2023 WL 8285820, at *1 (M.D. Pa. Nov. 6, 2023) ("Through the filing of this Report and Recommendation, we are providing notice to Newton that his claims in this case are not properly brought in this district."), *report and recommendation adopted*, 2023 WL 8281689, at *1 (M.D. Pa. Nov. 30, 2023); *Davis v. Wetzel*, No. 4:21-CV-826, 2021 WL 3563101, at *3 (M.D. Pa. June 23, 2021) (stating that while a magistrate judge has "the authority to enter an order transferring this case, acting out of an abundance of caution, and in order to allow [the plaintiff] to lodge any objection to this proposed case transfer, we are

3

addressing this venue and transfer issue through a Report and Recommendation to the assigned district judge" and observing that "[i]n this way, [the plaintiff] is given notice of the proposed transfer and is afforded the opportunity to lodge any objections he may have to this course of action"), *report and recommendation adopted*, 2021 WL 3545296, at *1 (M.D. Pa. Aug. 11, 2021); *Bell v. Blue Hen Spring Works Inc.*, No. 1:15-CV-01753, 2016 WL 2587126, at *2 (M.D. Pa. Apr. 14, 2016) (stating that "this Report and Recommendation functions as sufficient notice to the Plaintiff that the Court is considering *sua sponte* transfer of this action for improper venue, as the claims and Defendants are not properly brought in this judicial district"), *report and recommendation adopted*, 2016 WL 2347188, at *1 (M.D. Pa. May 4, 2016).

    When a case has been brought against a defendant in the wrong venue, the court may either dismiss that action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a).  Here, since the complaint reveals that venue does not lie in this district, but it does appear to lie in the Eastern District of Pennsylvania, the court should enter an order transferring this case to the United States District Court for the Eastern District of Pennsylvania.  Doing so will ensure that venue is proper and operates to protect Gower's rights.  In other words, transferring this case to the Eastern District of Pennsylvania is in the interest of justice.

Based on the foregoing, it is recommended that the court transfer this case to the United States District Court for the Eastern District of Pennsylvania. It is further recommended that decision on Gower's application to proceed *in forma pauperis* and the motions that he has filed be deferred to the transferee court.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of April, 2025.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

5