IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS GOWER, :  <br>     Plaintiff, : <br> : <br> v. : <br> : <br> JUDGE DANIEL CLIFFORD, *et al.*, : <br>     Defendants. : | CIVIL ACTION NO. 25-CV-2262 |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                   **JUNE 13, 2025**

*Pro se* Plaintiff Travis Gower filed a Complaint against Judge Daniel Clifford and Montgomery County, Pennsylvania, seeking money damages and injunctive relief. Gower seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Gower leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[1]

Gower makes no factual allegations in his Complaint, and states in conclusory fashion that he was "violated" by a "conspiracy" that amounted to a "5 Amendment violation due process under law deprivation of rights and property [sic]." (Compl. at 1-2.) He appends a report appearing to relate to a child-custody matter and has filed other documents appearing to seek intervention in that matter.[2] (*See generally* ECF Nos. 2-1, 3, 4, 5.) For relief, he asks for

---

[1] The factual allegations set forth in this Memorandum are taken from Gower's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Because these records contain sensitive personal information, the Clerk of Court will be directed to limit these filings to case-participant-view only. Gower is reminded that "names of minor children must be modified or partially redacted" when submitting filings to the Court. E.D. Pa. Local Civ. R. 5.1.3; *see also* Fed. R. Civ. P. 5.2(a).

his "rights and property to be reinstated, monetary damages to be awarded, . . . [and] Defendants prosecuted." (Compl. at 2.)

## II.  STANDARD OF REVIEW

The Court grants Gower leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Gower is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented

litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   DISCUSSION

Gower's Complaint fundamentally fails to satisfy Rule 8. He makes no factual allegations at all, let alone sufficient allegations to support a cognizable legal claim to which a defendant could possibly respond on the merits. Accordingly, his Complaint must be dismissed.

Liberally construing the Complaint, it appears that Gower intends to assert constitutional claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Gower names Judge Daniel Clifford as a Defendant. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso*, 588 F.3d at 184 (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). Gower has not alleged any facts that would show that any judge in his cases acted in the absence of jurisdiction. *See, e.g., Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*). So, Gower's claims against Judge Clifford are barred by judicial immunity and will be dismissed.

Gower also names Montgomery County as a Defendant. Local governments and municipalities are considered persons under § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a claim for municipal liability, a plaintiff must allege

that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.*

Gower makes no allegations of any policy or custom of Montgomery County that caused him any injury. Instead, he simply states in cursory fashion that he was "violated" by a "conspiracy" that amounted to a "5 Amendment violation due process under law deprivation of rights and property [sic]." (Compl. at 2-3.) His attachments and subsequent filings appear to relate to proceedings in Pennsylvania state court. However, Montgomery County is not responsible for the events that took place in Gower's Pennsylvania state court judicial proceedings. To the contrary, the Montgomery County Court of Common Pleas (including its Family Court Division) is part of Pennsylvania's unified judicial system, so it shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). "[I]ndividual counties cannot be held liable for the actions of state court judges, who

are part of the unified state court system." *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court).

"Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity.  As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . .  Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment.").  Accordingly, Gower has failed to state a claim against Montgomery County based on events that happened in state court.

Moreover, although not clear from the sparse allegations in the Complaint, to the extent that Gower seeks to have this Court review child-custody proceedings that have concluded in a manner adverse to him, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court

judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments"). And, assuming that he intended to name individual officials of Montgomery County for alleged injuries arising from the enforcement of any child support order, such claims would be barred by quasi-judicial immunity. *See Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) (*per curiam*) ("[W]e agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in implementing and enforcing child support orders"); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."). So, to the extent that Gower seeks this Court's review of a family court's decision or seeks to lodge a claim based on enforcement of child-support obligations, he has failed to state a claim to relief.

IV.    CONCLUSION

For the foregoing reasons, the Court will grant Gower leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend will not be given, as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Gower's other outstanding motions will be denied. An appropriate Order follows.

BY THE COURT:

/s/ JUAN R. SÁNCHEZ
**JUAN R. SÁNCHEZ, J.**